IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

BRITNI JONES,

       Plaintiff,

v.                                                       Case No. 2:20-cv-00441 JCH-SMV

LEGACY BURGERS, LLC d/b/a
BURGER KING, and
DERRICK YOUNG, individually
and as agent of LEGACY BURGERS, LLC
d/b/a/ BURGER KING,

       Defendants.

## RESPONSE TO MOTION FOR REMAND

Contrary to the assertions in Plaintiff Britni Jones's Motion for Remand and For Attorney's Fees ("Motion for Remand"), Defendants Notice of Removal fully satisfies Tenth Circuit precedent for establishing the requisite amount in controversy for removal. Plaintiff's after-the-fact effort to avoid federal jurisdiction via a unilateral stipulation is unavailing. The matter was properly removed and therefore remand is inappropriate.

### Legal Standard for Establishing the Amount in Controversy

The Tenth Circuit addressed in detail the proper analysis for establishing the amount in controversy for removal in *McPhail v. Deere & Co.*, 529 F.3d 947 (10th Cir. 2008). As the court there noted, a tension exists in removal jurisprudence where an in-state plaintiff suing an out-of-state defendant wishes to be in federal court, "all the plaintiff needs to do is allege an amount in excess of $75,000 and he will get his way." *Id.* at 953.

> On the other hand, if the in-state plaintiff wishes to remain in state court, all it
> needs to do is to refrain from alleging any particular sum in its prayer for relief …
> and, according to this and most other courts, the defendant is required to prove

jurisdictional facts by a "preponderance of the evidence" such that the amount in controversy may exceed $75,000.

*Id.* (quoting *Martin v. Franklin Capital Corp.*, 251 F.3d 1284, 1290 (10th Cir. 2001)). In light of these facts, the court cautioned that "[m]isunderstood, this system is liable to serious abuse." *Id.* at 954. To address that concern, the court "explain[ed] the proper role of the preponderance of the evidence standard and how defendants may have a chance at satisfying it." *Id.* (internal quotation marks & citation omitted).

According to the Tenth Circuit, "[t]he preponderance of the evidence standard applies to jurisdictional facts, not jurisdiction itself." *Id.* (internal quotation marks & citation omitted). In other words, "'[w]hat the proponent of jurisdiction must ''prove'' is contested factual assertions … [j]urisdiction itself is a legal conclusion, a consequence of facts rather than a provable ''fact.''" *Id.* (quoting *Meridian Security Ins. Co. v. Sadowski*, 441 F.3d 536, 540-41 (7th Cir. 2006)). Defendants may prove those jurisdictional facts in a number of ways, including "by calculation from the complaint's allegations." *Id.* "[O]nce those underlying facts are proven, a defendant …is entitled to stay in federal court unless it is legally certain that less than $75,000 is at stake." *Id.* (internal quotation marks & citation omitted). Finally, as Judge Vasquez explained years ago and this court more recently agreed, "[f]ederal jurisdiction is determined at the outset of litigation. If the requisite amount in controversy is satisfied at that time, subsequent events that reduce the amount below the statutory requirement will generally not divest the court of jurisdiction." *Cal. Cas. Ins. Co. v. Joy*, No. 99-1432, Mem. Op. & Order at 3 (D.N.M. April 20, 2000); *Miranda v. Strike, LLC*, No. 16-1062 JCH-WPL, Memo. Op. & Order (D.N.M. May 16, 2017). Thus, "[a] distinction is drawn between subsequent events that change the amount in controversy and subsequent revelations that clarify the

2

required amount was not in controversy at the commencement of the litigation." *Cal. Cas. Inc. Co.,* No. 99-1432, Mem. Op. at 3. Remand is only proper where the opponent of federal jurisdiction proves that, "*from the outset*, the maximum conceivable amount in controversy was less than the jurisdictional minimum." *Id.* at 3-4 (emphasis added). Or, put another way, "a plaintiff may not subsequently divest the court of jurisdiction and force remand to state court by reducing the amount in controversy." *Miranda,* No. 16-1062, Mem. Op. at 4.

### Defendants Have Established That the Requisite Amount in Controversy Existed at the Time of Removal.

Defendants' Notice of Removal relies on one of the methods explicitly sanctioned by the Tenth Circuit to address the amount in controversy in the case; it determined the amount "by calculation from the complaint's allegations." *McPhail*, 529 F.3d at 954. Defendants took Plaintiff's rate of pay, her requests for relief, and did a simple calculation based on reasonable assumptions about the course of litigation. Plaintiff's Motion for Remand does not dispute the underlying facts used in those calculations or the calculations themselves. Indeed, Plaintiff does not even challenge the assumptions regarding the periods of pay for which she will seek lost wages or the amounts of emotional distress damages, punitive damages, or attorney's fees. Defendants therefore have proved contested facts via affidavit and simple mathematics that support its calculation of the amount in controversy and satisfied the burden set forth in *McPhail*.

Plaintiff cites the district court opinion in *Neilson v. Hertz Corp.,* No. 05-0016 Memorandum Opinion & Order (D.N.M. June 8, 2005), for the proposition that calculations of the sort performed by Defendants are not sufficient to establish the requisite amount in controversy by a preponderance of the evidence. Motion for Remand

3

at 4-5.)  In rejecting the calculation method of determining the amount in controversy in *Hertz*, Judge Vasquez did not have the benefit of the *McPhail* decision, which was still several years off.  In hindsight, in light of *McPhail*, the Court's summary rejection of the defendant's calculation as a proper method of establishing the requisite amount was in error.  Moreover, in her *Neilson* decision, Judge Vasquez erroneously relied on the concept of mitigation of damages as undercutting the calculated damages.  She concluded, in essence, that because the plaintiff might have mitigated his damages, the calculated amount was unreliable.  Under *McPhail*, however, once the proponent of federal jurisdiction proves the underlying facts supporting the amount in controversy, it "is entitled to stay in federal court unless it is *legally certain* that less than $75,000 is at stake."  *McPhail*, 529 F.3d at 954 (emphasis added) (internal quotation marks & citation omitted). Mitigation, of course, is not legally certain.  In fact, it is an affirmative defense that the defendant must prove. Surely Defendants here will work to do so in discovery, but it cannot be said that any amount of mitigation is at this point "legally certain" as now required by *McPhail* for consideration in connection with the amount in controversy.  In any event, the Supreme Court long ago rejected the idea that a possible defense to the damages sought would affect the amount in controversy such that remand would be proper.  *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 289, 292 (1938) ("legal certainty that the claim is really for less than the jurisdictional amount" not established merely by the fact that the complaint "discloses the existence of a valid defense;" "[t]he fact that it appears from the face of the complaint that the defendant has a valid defense, if asserted, to all or a portion of the claim … will not justify remand." (footnote omitted)).

4

Plaintiff also points to a post-removal stipulation to challenge the amount in controversy. Of course, "[f]ederal jurisdiction is determined at the outset of litigation." *Cal. Ca. Ins. Co., No 99-1432, Mem.* at 3 (citing *St. Paul Mercury Indem. Co.,* 303 U.S. at 289-90; *see also St. Paul Mercury Indem., Co. 303 U.S. at 296* ("On the face of the pleadings petitioner was entitled to invoke the jurisdiction of the federal court and a reduction of the amount claimed after removal, did not take away that privilege."); *Miranda*, No. 16-1062 JCH-WPL, Mem. Op. at 2. Defendants recognize, as did Judge Vasquez in *California Casualty*, that a distinction can be drawn between post-removal acts "that change the amount in controversy and subsequent revelations that clarify the required amount was not in controversy at the commencement of the litigation." *No, 99-1432, Mem. Op.* (citing *Newman-Green, Inc. v. Alfonzo-Larrain*, 490 U.S. 826, 829 (1989)). Here, though, the actions of Plaintiff's counsel and the unilateral stipulation that less than $75,000 is in controversy fall into the former category. The so-called stipulation occurred after the removal was perfected. It does not clarify the amount that was in controversy at the commencement of litigation. Indeed, its very terms recognize that more than $75,000 is in controversy and may be awarded by the court: "if the Plaintiff should receive an award for more than $75,000, exclusive of interest and costs, I covenant not to execute on the excess portion of the judgment." (White Aff., attached to Mot. Remand as Ex. B, ¶ 4.) If a judgment can be entered for more than $75,000, then more than $75,000 is in controversy. Indeed, as Plaintiff seeks punitive damages in this matter and the matter is set for a jury trial, it is conceivable that punitive damages could be extensive. Surely a multi-million dollar judgment, which would no doubt end up splashed across the front page of the Albuquerque Journal, even if not executed upon,

would stain the reputation of Defendants. The fact that Plaintiff will not seek to execute on the whole amount awarded does not remedy that stain or change the amount in controversy based on her pleadings. As the Supreme Court explained long ago,

> We think this well established rule is supported by ample reason. If the plaintiff could, no matter how bona fide his original claim in the state court, reduce the amount of his demand to defeat federal jurisdiction the defendant's supposed statutory right of removal would be subject to the plaintiff's caprice. The claim, whether well or ill-founded in fact, fixes the right of the defendant to remove, and the plaintiff ought not be able to defeat that right and bring the cause back to state court at his election.

*St. Paul Mercury*, 303 U.S. at 294; *see also Miranda*, No. 16-1062 JCH-WPL, Mem. Op. at 3-4 (citing *St. Paul Mercury* and denying remand based on a post-removal stipulation from plaintiff's counsel that the plaintiff will not seek more than $75,000 in damages).

## Conclusion

Defendants ask that the Court implement both the spirit and the letter of the Supreme Court's holding in *St. Paul Mercury* – just as it did in *Miranda* – and deny Plaintiff's Motion for Remand.

Respectfully submitted,

RODEY, DICKASON, SLOAN, AKIN & ROBB, P.A.

By: */s/ Thomas L. Stahl*
      Thomas L. Stahl
P.O. Box 1888
Albuquerque, New Mexico  87103
Telephone:  505-765-5900
tstahl@rodey.com
*Attorneys for Defendants*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on June 26, 2020, I filed the foregoing electronically, which caused the following parties or counsel to be served by electronic means, as more fully reflected on the Notice of Electronic Filing:

Timothy L. White
Valdez and White Law Firm, LLC
P.O. Box 25646
Albuquerque, N.M. 87125
Telephone: (505) 345-0289
tim@valdezwhite.com

By: */s/ Thomas L. Stahl*
Thomas L. Stahl